DUFFEL, J., recused himself.

LEBLANC<br>*v.*<br>BERTANT

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MARTHA A. GARDNER *v.* ROBERT A. MONTAGNE.

In case the debtor refuse or neglect to accept an inheritance, to the prejudice of his creditors, *they* may accept the same, and exercise all his rights in the manner provided for under the title of successions; and they are authorized, by virtue of the action given by this section, to exercise all the rights which the debtor could do for recovering possession of the property to which he is entitled, in order to make the same available to the payment of their debts. C. C. 1985.

An heir who subsequently accepted the succession of his mother, after his creditors had been substituted, cannot be received to inquire, at least as against a third innocent possessor, into the legality of the proceedings which transpired before the acceptance. C. C. 1014, 1024.

APPEAL from the District Court of the Parish of Madison, *Farrar,* J. *M. Wallace,* for plaintiff and appellant. *A. R. Hynes,* for defendant.

DUFFEL, J. The plaintiff, as tutrix of her minor children, issue of her marriage with Ashiel Gardner, is appellant from a judgment rendered, on the verdict of a jury, adversely to her pretentions.

Jemaima Gardner, the mother of said Ashiel Gardner, made a will disposing of all her property to the exclusion of her son, but bequeathing to his wife, the plaintiff, an amount which would have been equal to the share of her son, had she died intestate. This will was duly admitted to probate. Prior to the date of said will, Robert Ingram, Jasper Ingram, and Mary Ingram, wife of Clerman J. Ingram, had obtained a judgment against Ashiel Gardner; and after the probate of the will of Jemaima Gardner, they instituted an action against said Ashiel Gardner and wife, and all the legatees and legal heirs of the testatrix. They averred that their debtor had no apparent property to satisfy their judgment; that he had neglected to accept the succession or to demand his *legitime,* and they concluded by asking the reduction of the legacies to the disposable portion, and to be allowed to claim the legitimate portion of Ashiel Gardner in his stead.

All the defendants joined in an answer denying the right of the plaintiffs to attack the testamentary dispositions, or to claim a reduction. On the above issues, the District Judge rendered a judgment on the 5th of May, 1852, recognising the judgment of the said Robert Ingram et al. against Ashiel Gardner, and decreeing "that plaintiffs be substituted to the rights of Ashiel Gardner in the succession of his mother, Jemaima Gardner, for the above mentioned sums, and that the will of Jemaima Gardner attacked in this case is null and void."

This judgment was satisfied, in part, by the seizure and sale on the first Saturday of February, 1853, of all the right, title and interest of the debtor, Ashiel Gardner, in the property of the succession of Jemaima Gardner, his deceased mother.

GARDNER
v.
MONTAGNE.

The object of the present suit is to evict the defendant, who is a third possessor, of a portion of the property thus transferred by the Sheriff in February 1853, because the sale was not made at the time and place required by law, and because the undivided fifth interest of Ashiel Gardner was adjudicated to the administrator of the succession of Jemaima Gardner.

The judgment of the 5th of May 1852, had, before the death of Ashiel Gardner, and as against him, acquired, by the lapse of time, the force of the thing adjudged, and it is not, therefore, within our province to inquire into its soundness.

This last mentioned judgment was, evidently, based on the articles 1014 and 1985 of the Code, and hence carried with it all their consequences, one of which was to put the plaintiffs in the place and stead of their debtor until they had obtained a full satisfaction of their claim.

Ashiel Gardner, it is true, might have subsequently accepted the succession of his mother; but such an acceptance could not have affected his substituted creditors, and still less the rights already acquired by third persons on the property of the succession under proceedings provoked by those who had been judicially substituted in his place; from whence we conclude that Ashiel Gardner could not have been received to inquire, at least as against a third innocent possessor, into the legality of the proceedings which transpired before the acceptance. Such, it appears to us, is the inevitable effect of the articles 1014 and 1024 of the Code.

And as the children of the plaintiff claim through their father, Ashiel Gardner, they cannot be placed in a more favorable position.

For the reasons assigned the judgment of the District Court is affirmed, with costs in both courts.

VOORHIES, J., absent.